29521/10588/DVD/MWM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYNGENTA SEEDS, INC. a Delaware corporation, and DULCINEA FARMS, LLC, a Delaware limited liability company, ) ) ) ) | |
| Petitioners, ) ) | |
| v. ) ) | No. 05 C 6673 Judge James B. Moran Magistrate Judge Nan Nolan |
| BTA BRANDED, INC. an Illinois corporation, PERISHABLES GROUP, INC., an Illinois Corporation, and BRUCE AXTMAN, individually ) ) ) ) | |
| Respondents. ) ) | |

**PETITIONERS' RESPONSE BRIEF IN OPPOSITION TO RESPONDENTS' MOTION TO STAY DISCOVERY**

NOW COME Petitioners, SYNGENTA SEEDS, INC. a Delaware corporation, and DULCINEA FARMS, LLC, a Delaware limited liability company, by and through their attorneys, DAVID C. VAN DYKE and MATTHEW W. MILLER of CASSIDAY, SCHADE LLP, and in opposition to Respondent's *Motion to Stay Discovery Pending Ruling on Motion to Dismiss*, state as follows:

1. Petitioners, SYNGENTA SEEDS, INC. and DULCINEA FARMS, LLC (hereinafter "Petitioners") filed a *First Amended Petition to Confirm Arbitration Award* against BTA BRANDED, INC., as well as new parties PERISHABLES GROUP, INC. and BRUCE AXTMAN on June 8, 2007. (See Exhibit "A" attached to Respondents' *Motion to Stay Discovery*)

2. In conjunction with the aforementioned filing, Petitioners served interrogatories and a request for production on Respondent, BTA BRANDED, INC. (See Proof of Service attached hereto as Exhibit "1")

3. After attaining service on new Respondents PERISHABLES GROUP, INC. and BRUCE AXTMAN, Petitioners served interrogatories and request for production on said entities on July 20, 2007. (See Proof of Service attached hereto as Exhibit "2")

4. On or about the deadline for responding to the aforementioned written discovery, Respondents' counsel contacted Petitioners' counsel to request an extension of time to file Respondents' answers to written discovery. In the spirit of cooperation, Petitioners' counsel granted Respondents until August 31, 2007 to comply with the outstanding discovery but requested that Respondents' counsel memorialize the extension in writing.

5. Respondents' counsel did not memorialize the extension in writing nor file an answer to Petitioners written discovery by the extended deadline, rather, Respondents filed a *Motion to Dismiss Pursuant to Rule 12(b)(6)* as well as the *Motion to Stay Discovery* at issue herein.

6. In support of the *Motion to Stay Discovery*, Respondents cited Rule 26(c) and several cases from the federal districts in Illinois wherein discovery was stayed pending resolution of various issues. However, Respondents' *Motion* shows a misunderstanding of the scope and purpose of Rule 26(c) as well as fails to discuss the facts of the cited cases to show how said decisions are relevant to the present matter.

7.      Specifically, Rule 26(c) allows for the granting of a protective order against having to comply with discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." *FRCP 26(c) 2007.* In order to properly bring a motion for a protective order pursuant to the rule, one must confer or attempt to confer with the affected parties in an effort to resolve the dispute without court intervention. *FRCP 26(c) 2007.* After said conference is had or attempted to be had, the movant must then attach a certification to the motion for protective order regarding the same. *FRCP 26(c) 2007.* Regardless of the fact that the motion at issue does not pray for a protective order under Rule 26(c), Respondents failed to comply with the preliminary requirements for seeking the same.

8.      In addition, Respondents' motion does not state why Respondents believe Petitioners written discovery would cause them "annoyance, embarrassment, oppression, or undue burden or expense." The motion simply indicates that Respondents' believe the written discovery will not be necessary if the court grants Respondents' *Motion to Dismiss.* Although the court will ultimately determine the necessity of discovery, clearly Respondents misunderstand the type of injustices Rule 26(c) was enacted to prevent. As such, this Honorable Court should not be consider Rule 26(c) when ruling on Respondents' *Motion to Stay Discovery* or, in the alternative, if this Honorable Court determines Respondents meant to bring the present motion under said rule, the motion should be denied due to Respondents' failure to adhere to the mandates of Rule 26(c).

9.      While Petitioners acknowledge the court's authority to stay discovery pending resolution of dispositive motions, it should be noted that a motion to stay

discovery will not be granted every time a dispositive issue is placed before the court. *Builders Assoc. of Greater Chicago v. City of Chicago* 170 F.R.D. 435, 437 (N.D.Ill 1996). The court's authority to stay discovery must be exercised so as to secure the just, speedy and inexpensive determination of every action. *Id*. Where the court finds interference in the discovery process is unlikely to significantly expedite the litigation and may actually slow it down, it will decline to interfere. *Id*.

10. On September 6, 2007, Respondents presented their *Motion to Stay Discovery* and *Motion to Dismiss*. This Honorable Court therein acknowledged Respondents' filings and entered a briefing schedule on the same. However, the court also ordered Respondents to answer Petitioners written discovery on or before September 27, 2007. (See the Court's *Order* of September 6, 2007 attached hereto as Exhibit "3")

11. In requiring Respondents to answer Petitioners' written discovery before hearing Respondents' *Motion to Dismiss*, it appears that this Honorable Court has made a *de facto* determination that the Respondents answering of discovery will expedite this litigation and by default denied Respondents' *Motion to Stay Discovery*.

12. Furthermore, Respondents decided to answer Petitioners' written discovery on September 28, 2007 rather than challenge the court's September 6, 2007 *Order*. As such, Respondents *Motion to Stay Discovery* has been rendered moot.

WHEREFORE, Petitioners, SYNGENTA SEEDS, INC. and DULCINEA FARMS, LLC, pray that this Honorable Court entered an order denying Respondents' *Motion to Stay Discovery* or in the alternative make a finding that Respondents' motion

has been rendered moot by virtue of the court's September 6, 2007 *Order* and any other relief this court determines is fair or just.

                          Respectfully submitted,

                  BY: \_\_s/ Matthew W. Miller_____
                      One of the Attorneys for Petitioners,
                      SYNGENTA SEEDS, INC and
                      DULCINEA FARMS, LLC

David C. Van Dyke
Matthew W. Miller, Esq.
CASSIDAY SCHADE LLP
20 N. Wacker Drive, Ste. 1040
Chicago, Illinois 60606
(312) 641-3100

7039242 MMILLER