IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYNGENTA SEEDS, INC., a Delaware corporation, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. -05 C 6673 |
| BTA BRANDED, INC., an Illinois corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants move to stay discovery pending the outcome of their motion to dismiss plaintiffs' first amended petition to confirm an arbitration award. We deny defendants' motion.

In accordance with Federal Rule of Civil Procedure 26(c), this court has the discretion to limit discovery in order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." A motion to limit discovery can only be granted after the moving party has certified to the court that it has, in good faith, "conferred or attempted to confer with the other affected parties in an effort to resolve the dispute," and for "good cause shown." *Id.*; Local Rule 37.2. Defendants here have met neither requirement.

Defendants have failed to provide this court with any documentation whatsoever that they conferred with plaintiffs in good faith to resolve the discovery dispute prior to filing this motion. However, even if defendants had conferred with plaintiffs and reached an impasse warranting this motion's filing, we would deny it because defendants have failed to demonstrate good cause for a stay.

Courts may limit discovery in myriad situations, such as when a defendant files a

motion to dismiss pursuant to Rule 12(b)(6). However, the mere filing of such a motion does not automatically stay discovery, nor does it mean that a court will automatically grant a stay simply because the defendant asks for one. In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 331, 336 (N.D. Ill. 2005). Defendants point to a number of cases where courts stayed discovery pending a ruling on a motion to dismiss. However, in a majority of cases the existence of a dispositive motion was not the sole reason for the stay. In re Sulfuric Acid, 231 F.R.D. 331 (stay granted due to protracted costly discovery and fact that plaintiff failed to file motion to compel until discovery closed); Sprague v. Brook, 149 F.R.D. 575, 577 (sole result of discovery pending outcome of motion would be cost and inconvenience, imposing undue burden on defendant); Douglas v. Potter, No. 05-578, 2006 U.S. Dist. LEXIS 18063 (S.D. Ill. Apr. 7, 2006)(discovery cannot be conducted efficiently until basic questions answered as to who or what is being sued and whether jurisdiction over defendants attaches); Cataldo v. City of Chicago, No. 01 C 6665, 2002 U.S. Dist. LEXIS 1590 (N.D. Ill. Jan. 23, 2002)(amount of discovery requested and requirement of substantial redaction burdensome and unnecessary considering procedural posture of case); Cemail v. Viking Dodge, No. 97 C 908, 1997 U.S. Dist. LEXIS 8990 (N.D. Ill. June 16, 1997)(discovery extensive and costly, issues on motion to dismiss narrow, court will expedite ruling so plaintiff's delay will be brief); Orlando Residence, 2006 U.S. Dist. LEXIS 76266 (extensive litigation preceded action, discovery time-consuming and costly to the parties). In other cases, the motion to dismiss was based on a threshold question, such as standing. Builders Ass'n of Greater Chicago v. City of Chicago, 147 F.R.D. 435 (N.D. Ill. 1996); *see also* United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988)(subject matter jurisdiction); Landstron v. Illinois Dep't. of Children & Family Serv's, 892 F.2d 670, 674 (7th Cir. 1990)(qualified immunity).

Defendants have made no showing that this case can be disposed of on such a threshold

matter as standing,[1] nor have they demonstrated that they would be burdened by additional discovery – indeed, they have not even made such arguments. Their sole argument is this: if the court dismisses the petition for any of the three reasons cited, the need for discovery would be eliminated. But this is true any time a dispositive motion is filed. Permitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule. See Builders Ass'n of Greater Chicago, 170 F.R.D. at 437. It is common sense that clients' pocketbooks are best served by constraining discovery in the face of a motion to dismiss, and we expect the parties will do so to the extent possible. However, we find defendants must assert something more than the mere existence of a motion to dismiss to support a claim of good cause to request a complete stay of discovery. This they have not even attempted to do and therefore we deny their motion.[2]

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 1, 2007.

---

[1] Two of defendant's three arguments for dismissal do center on questions of law in which additional discovery would be unnecessary. However, upon a quick perusal of the briefs for purposes of this motion only, it is not clear whether either of these arguments will succeed, thus supporting our reluctance to stay discovery.

[2] In their reply, defendants note concerns with the scope of plaintiff's proposed discovery. This issue does not pertain to whether good cause exists to issue a stay of discovery. If defendants believe that the scope of plaintiffs' discovery requests are too broad or too burdensome for now, in light of the pending dismissal motion, they have a right to seek a protective order to narrow the breadth.